# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MITCHELL R. JOHNSON,

    Petitioner,

v.

    Case No. CIV 12-487-RAW-KEW

MIKE MULLIN, Warden,

    Respondent.

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, is challenging the execution of his sentence in Kiowa County District Court Case No. CF-2008-42 for Distribution of Controlled Substance within 2,000 Feet of a Park or School. He alleges his sentence is being calculated under the 85% Rule,[1] when it should be calculated as a 50% sentence. The respondent has moved for dismissal, alleging petitioner has failed to exhaust all his available remedies, the applicable statute of limitations has expired, and petitioner is not entitled to the credits he seeks.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted

---

[1] Under the 85% Rule of Okla. Stat. tit. 21, § 13.1, a prisoner serving a sentence for certain offenses is "required to serve not less than eighty-five percent (85%) of any sentence of imprisonment . . . prior to becoming eligible for consideration for parole. Persons convicted of these offenses shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed."

his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that petitioner entered a guilty plea in Case No. CF-2008-42, and his Judgment and Sentence was entered on February 25, 2009. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, but he did file an application for post-conviction relief in the Kiowa County District Court on June 10, 2011. The post-conviction application was denied on December 2, 2011, and his post-conviction appeal was dismissed at petitioner's request on March 28, 2012 in Case No. PC-2011-1112. On November 30, 2012, petitioner filed in the trial court a second post-conviction application, or alternatively, a petition for a writ of habeas corpus. According to the Oklahoma State Courts Network at www.oscn.net, the application was denied on April 17, 2013, and it appears his appeal was dismissed by the OCCA on August 14, 2013, in Case No. PC-2013-490. It is unclear, however, whether petitioner's claim now is exhausted.

The respondent asserts in the motion to dismiss that petitioner's sentence in CF-2008-42 is a 50% sentence. Petitioner points out, however, that the DOC previously has advised him that the sentence is being calculated as an 85% crime. *See* Request to Staff dated April 12, 2012 (Docket No. 1 at 28) and Grievance Response from Reviewing Authority, dated May 2, 2012 (Docket No. 1 at 29). While the respondent has submitted an affidavit by the DOC Administrator of Sentence Administration and Offender Records (Docket No. 6-3), it (1) contradicts the previous DOC responses to the issue, (2) does not explain this

discrepancy, and (3) cannot properly be considered in this motion to dismiss.[2]

With respect to the respondent's allegation that this petition is barred by the statute of limitations, the respondent asserts petitioner's limitation period began to run when his Judgment and Sentence was entered. This is incorrect for two reasons. The first reason concerns the calculation of when petitioner's conviction was final. If an Oklahoma defendant does not see to withdraw his plea or seek a direct appeal, the conviction becomes final ten days after entry of the Judgment and Sentence, not the day the Judgment and Sentence is entered, as the respondent argues. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App; Okla. Stat. tit. 22, § 1051. Second, petitioner is not challenging his sentence, but the execution of his sentence. He could not have known on the day his Judgment and Sentence was entered, or most likely even ten days later, that the DOC would calculate his sentence incorrectly. Therefore, the date the DOC's allegedly incorrect calculation of his earned credits could have been discovered through the exercise of due diligence is the starting point for the limitations period, not the date his sentence was imposed. See 28 U.S.C. § 2244(d)(1)(D).

Petitioner has submitted a copy of a November 16, 2011, Request to Staff that inquires about the credits for his sentence, but it does not reference the 85% issue or which conviction it concerns. (Docket No. 1 at 27). If this was when petitioner discovered an error in the calculations, this habeas petition, filed on December 4, 2012, was untimely. Another Request to Staff, dated April 17, 2012, expressly states in the "Disposition" section of the Request that Case No. CF-2008-42 is an 85% case. (Docket No. 1 at 28). If this was when the discrepancy regarding his sentence in CF-2008-42 was discovered, the petition would have been filed within the one-year limitations period. Because the record is unclear, and the records are contradictory, the respondent's motion cannot be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] An affidavit would be proper if the court were considering a motion for summary judgment. See Fed. R. Civ. P. 56(c).

3

**ACCORDINGLY,** the respondent's motion to dismiss (Docket No. 6) and petitioner's motion for summary disposition (Docket No. 8) are DENIED. The respondent is granted leave to file a proper dispositive motion with supporting documentation within thirty (30) days.

**IT IS SO ORDERED** this 19th day of September 2013.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**