# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MITCHELL R. JOHNSON,       )
                           )
            Petitioner,    )
                           )
v.                         )   No. CIV 12-487-RAW-KEW
                           )
MIKE MULLIN, Warden,       )
                           )
            Respondent.    )

## OPINION AND ORDER

This matter is before the court on the respondent's motion for summary judgment. Petitioner, a prisoner in the custody of the Oklahoma Department of Corrections (DOC), challenges the execution of his sentence through this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. He alleges his sentence has been calculated improperly, resulting in his incarceration beyond the sentence imposed in Kiowa County District Court Case No. CF-08-42. He claims his Judgment and Sentence requires 50% of his sentence to be served before eligibility for parole or earned credits, and he is seeking a sentence adjustment to eliminate the 50% requirement. (Docket No. 1 at 7).

Having moved for summary judgment in his favor, the movant is required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

The respondent alleges the writ is moot, because petitioner's sentence is being administered properly. The record shows petitioner was sentenced to serve 17 years for the crime of Distribution of Controlled Substance within 2,000 feet of Park or School. He is required to serve 50% of the sentence, which is 8 1/2 years, before he begins his eligibility for earned credits. *See* Okla. Stat. tit. 63, § 2-401(F)(1). His Judgment and Sentence was entered on February 25, 2009, and 8 1/2 years from that date is August 25, 2017.

According to the affidavit by Kevin Moore of the DOC Sentence Administration Unit, petitioner received incorrect responses to his April 2012 Request to Staff and Grievance regarding the execution of his sentence. Petitioner erroneously was advised he had to serve 85% of his sentence before eligibility for earned credits, when the correct response was 50%. The respondent asserts that because petitioner has not yet served 50% of his sentence, this incorrect information did not affect the administration of his sentence, and he has not suffered any collateral consequences from the mistake. After careful review of the record, the court finds there is no genuine material factual issue, and summary judgment should be granted to the respondent. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986).

The court further finds petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2) or that "reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, petitioner is denied a certificate of

appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** the respondent's motion for summary judgment (Docket No. 10) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 22nd day of September 2014.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**